**Commonwealth v. Ainalchaybeh**

C.P. of Lawrence County, no. 155 of 2005, C.R.

*Gregory J. Simatic*, for Commonwealth.

*Carmen F. Lamancusa*, for defendant.

PICCIONE, *J.*, October 19, 2010—Before the court for disposition is the defendant's petition under the Pennsylvania Post-Conviction Relief Act. Defendant Fires Ainalchaybeh (hereinafter, the "defendant") was born in Marmarita, Syria and is currently classified as a

permanent resident of the United States. His ability to remain in the United States has been jeopardized by his decision to plead guilty to a felony on January 10, 2006.

The background of this case is as follows. On February 7, 2005, a criminal complaint was filed charging defendant with acquisition of a controlled substance by misrepresentation (18 P.S. § 780-113(a)(12)), possession with the intent to deliver a controlled substance (18 P.S. § 780-113(a)(30)), and possession of a controlled substance (18 P.S. § 780-113(a)(16)). Defendant retained attorney Norman Levine as counsel, and after numerous continuances, trial was set for the October 2005 trial term. Defendant failed to appear for trial, and a bench warrant was issued. On October 29, 2005, attorney Levine passed away, and attorney George M. Freed entered his appearance on behalf of defendant. Attorney Freed filed a petition to rescind bench warrant and reinstate bond which was granted by this court.

On January 10, 2006, defendant pled guilty, pursuant to a plea agreement, to the charge of acquisition of a controlled substance by misrepresentation. He was sentenced to a term of two years intermediate punishment on January 31, 2006. The other charges against defendant were later dismissed. Following a violation of his probation, defendant's intermediate punishment was revoked, and he was sentenced to a term of not less than six months nor more than twelve months in the Lawrence County jail followed by twelve months probation.

After serving his sentence, defendant filed the instant petition under the Pennsylvania Post-Conviction Relief Act on January 26, 2010, and a hearing regarding defendant's petition was held on July 1, 2010. In the petition, defendant asserts that his conviction and sentence

were unlawfully sustained as a result of prior defense counsel's ineffectiveness. Specifically, defendant claims that neither of his previous attorneys notified him of the consequences of entering a guilty plea to the charge of acquisition of a controlled substance by misrepresentation, an aggravated felony for immigration purposes. The Immigration and Nationality Act provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). According to the act, the term "aggravated felony" includes "illicit trafficking in a controlled substance..., including a drug trafficking crime (as defined in section 924(c) of title 18)." 8 U.S.C. § 1101(a)(43)(B). During the hearing, defendant testified that he would not have pled guilty and instead would have proceeded to trial had he known the consequences of entering a guilty plea. In his petition, defendant requests that the court grant any and all relief that is proper under the circumstances.

To be eligible for relief under the commonwealth of Pennsylvania's Post Conviction Relief Act (hereinafter the "PCRA"), the petitioner must satisfy four general requirements. 42 Pa.C.S. §§ 9541-9546. First, the petitioner must have been convicted of a crime under Pennsylvania law and subsequently sentenced to either incarceration or probation. 42 Pa.C.S. § 9543(a)(1). Second, the conviction and sentence must have resulted from at least one of the errors and/or violations elucidated in § 9543(a)(2) of the PCRA. Third, the allegation of error must not have been previously litigated or waived by the petitioner. *Id.* at § 9543(a)(3). Finally, the petitioner must demonstrate that the failure to litigate the claim could not have been "the result of any rational, strategic or tactical decision by counsel." *Id.* at § 9543(a)(4).

50

The PCRA permits a petitioner to seek post-conviction relief for a claim of the ineffective assistance of trial counsel. 42 Pa.C.S. § 9543(a)(2)(ii). Under Pennsylvania law, there is a basic presumption that counsel acted effectively. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). Thus, the burden rests on the petitioner to demonstrate ineffectiveness. *Id.* To do so, the petitioner "must plead and prove by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reasonable adjudication of guilt or innocence could have taken place." *Commonwealth v. Granberry*, 644 A.2d 204, 207 (Pa. Super. 1994) (citing *Commonwealth v. Dukeman*, 565 A.2d 1204 (Pa. Super. 1989)).

Pennsylvania courts apply a three-prong test to determine whether the petitioner has established ineffectiveness of counsel. *Commonwealth v. Sneed*, 587 Pa. 318, 332, 899 A.2d 1067, 1076 (Pa. 2006). The petitioner must first demonstrate that the issue underlying the claim has arguable merit. *Id.* Next, if the claim does have arguable merit, it must then be determined whether counsel's acts or omissions had some reasonable basis designed to serve the interests of his client. *Id.* "Once it has been determined that the particular course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests, counsel will be deemed constitutionally effective." *Commonwealth v. Miller*, 431 A.2d 233, 235 (Pa. 1981) (citing *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (Pa. 1978)). If a reasonable basis for counsel's actions cannot be found, the petitioner must show that the ineffectiveness of counsel resulted in prejudice to him. *Sneed*, supra at

1076. "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Pierce*, 567 Pa. 186, 202, 786 A.2d 203, 213 (Pa. 2001) (citing *Commonwealth v. Kimball*, 724 A.2d 326, 332 (Pa. 1999)). Failure to satisfy any of the three prongs will require rejection of the claim. *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008).

Defendant's petition contains allegations concerning a violation of the constitution, ineffective assistance of counsel, and an unlawfully induced guilty plea: The allegations rest on defendant's claim that his previous attorneys were ineffective for failing to advise him of the consequences of his guilty plea. In making his argument, defendant relies exclusively on the recent Supreme Court case, *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

In *Padilla*, the petitioner faced deportation after pleading guilty to the transportation of a large amount of marijuana, also a deportable offense under 8 U.S.C. § 1227(a)(2)(B)(i). *Padilla*, 130 S.Ct. at 1477. The petitioner claimed that defense counsel failed to advise him of the consequences of entering the plea. *Id.* at 1478. The petitioner also alleged that he would have insisted on proceeding to trial if he had known that a conviction could lead to deportation. *Id.* The Supreme Court of the United States accepted the case to determine "whether, as a matter of federal law, Padilla's counsel had an obligation to advise him that the offense to which he was pleading guilty would result in his removal from this country." *Id.* In finding that such an obligation existed, the Supreme Court concluded that Padilla's counsel's representation was constitutionally deficient in that it

fell below an objective standard of reasonableness, *Id.* at 1483.The Supreme Court left it to the Kentucky courts to decide whether the petitioner established that he suffered prejudice as a result of the ineffective assistance of his attorney. *Id.* at 1484.

The Supreme Court's decision in *Padilla* was recognized and adopted in Pennsylvania in *Commonwealth v. Abraham*, 996 A.2d 1090 (Pa. Super. 2010). In that case, the Superior Court of Pennsylvania held that a defense attorney representing a teacher who was charged with indecent assault of a person less than 16 years of age was required to warn his client that the petitioner would forfeit his pension as a consequence of pleading guilty to the indecent assault charge. *Abraham*, 996 A.2d at 1095. The failure to do so, the court stated, constituted ineffective assistance of counsel and satisfied the first two prongs of an ineffective assistance of counsel claim, *Id.* The Superior Court also recognized that *Padilla* abrogated *Commonwealth v. Frometa*, 555 A.2d 92 (Pa. 1989), which stood for the principle that deportation was a collateral consequence of a guilty plea and therefore did not need to be explained to a defendant contemplating a guilty plea. *Id.* at 1092. As in *Padilla*, the Superior Court found defense counsel to be ineffective and remanded the case for a hearing to determine whether the petitioner could satisfy the third prong of an ineffective assistance of counsel claim by demonstrating prejudice. *Id.* at 1095.

In the case sub judice, there is no dispute that defendant's prior attorneys failed to warn him of the consequences of his guilty plea. Consistent with the holdings of *Padilla* and *Abraham*, this court concludes that defendant has sufficiently alleged that his representation by prior attorneys was constitutionally

deficient. Therefore, defendant must demonstrate that the ineffectiveness of his prior attorneys resulted in prejudice to him. "In terms of a guilty plea, this means he must show that it was reasonably probable that, but for the errors of counsel, he would not have pled guilty, and would have gone to trial." *Id.* (citing *Commonwealth v. Hickman*, 799 A.2d 136, 142 (Pa. Super. 2002)) As stated above, defendant testified during the PCRA hearing that he would not have pled guilty and instead would have proceeded to trial had he known the consequences of entering a guilty plea. The commonwealth did not offer any evidence or testimony to discredit defendant's claim. The court accepts defendant's testimony as credible and concludes that defendant was prejudiced by his previous attorneys' failure to notify him about the consequences of his guilty plea. Therefore, defendant successfully established his ineffective assistance of counsel claim.

Having been sentenced on March 22, 2007 to six to twelve months incarceration followed by twelve months probation, defendant has already served his sentence. The court is aware that, under most circumstances, petitioners whose sentences have expired are ineligible for relief, regardless of the collateral consequences. *Commonwealth v. Ahlborn*, 548 Pa. 544, 549, 699 A.2d 718, 721 (Pa. 1997). However, *Padilla* and *Abraham* make clear that the risk of deportation is more than a collateral consequence of a guilty plea. Instead, "'[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence.'" *Padilla*, 130 S.Ct. at 1483 (citing *INS v. St. Cyr*, 533 U.S. 289, 296 (2001)). Therefore, defendant is entitled to relief under the Post Conviction

54

Relief Act, and, as a result, defendant shall be granted a new trial.

## ORDER OF COURT

And now, October 19, 2010, the court having held a hearing on July 1, 2010 regarding the defendant's petition under the Pennsylvania Post-Conviction Relief Act, with Gregory J. Simatic, Esquire, appearing and representing the commonwealth, and Carmen F. Lamancusa, Esquire, appearing and representing the defendant, it is hereby ordered and decreed as follows:

1. The defendant's petition under the Pennsylvania Post-Conviction Relief Act is granted pursuant to the attached opinion.

2. The defendant's convictions are vacated and the defendant is granted a new trial.

3. The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.